DENNIS, Justice,
concurring in part and dissenting in part.
I concur in the judgment of the court in affirming defendant’s conviction, but I respectfully dissent from the court’s affirmance of the death penalty in this case.
*1336 I disagree with the majority’s holding that the defendant’s sentence was not imposed under the influence of passion, prejudice or any other arbitrary factor. See La.Sup.Ct.R. 28, § 1 a. The sentencing hearing prescribed following a verdict of guilty in a capital case is concerned with the circumstances of the offense and the character and propensities of the defendant. The defendant’s wishes with respect to his life are neither aggravating nor mitigating evidence, and therefore defendant’s plea to the jury, requesting the death sentence, should not have been allowed. See La.C. Cr.P. art. 905.2.
In State v. English, 367 So.2d 815 (La. 1979), we recognized that Code of Criminal Procedure article 905.2’s requirement that the sentencing hearing be conducted in accordance with the rules of evidence mandates a reversal where an erroneous ruling by the trial judge was prejudicial to the defendant. Allowing the defendant to make his plea for the death penalty in this case introduced an arbitrary factor into the sentencing hearing which may have tended to inflame the passions of the jury. See La.Sup.Ct.R. 28, § 1 a. Such a request clearly is not probative of any fact relevant in the sentencing hearing, and its potential prejudice requires at the least a correcting instruction. La. C.Cr.P. art. 771.
Moreover, Article 557 of the Code of Criminal Procedure forbids a court to accept a guilty plea in a capital case. Such a prohibition is a reflection of a legislative policy against a person bringing about his own death. That policy is an additional reason why the sentence in this case should be reversed.
In addition to the defendant’s plea that the jury take his life, another impermissible, arbitrary factor was introduced into the sentencing process. The prosecutor in rebuttal to the defense attorney’s closing argument stated:
“Since the law mandates that a sentence of death shall not be imposed unless the jury finds at least one . . . aggravating circumstance . . . one must conclude that the converse or the reverse is that the death penalty would be mandated if aggravating circumstances were presented and if the mitigating circumstances were of an execrable [sic] nature . ...” [emphasis added]
The prosecutor’s statement to the jury incorrectly represented the law to the jury. The law does not direct the jury to put the defendant to death in any particular case. The law simply requires the jury to find an aggravating.circumstance beyond a reasonable doubt and weigh it against any mitigating evidence. If the jury finds the death penalty “inappropriate,” it is not required to impose capital punishment regardless of the nature or existence of any mitigating circumstances. See La. C.Cr.P. arts. 905.3 and 905.6. Thus, the prosecutor’s statement, which the judge did not tell the jury to disregard, introduced an arbitrary and erroneous factor into the sentencing process which may have improperly prejudiced the jury.
For the above assigned reasons, I therefore respectfully dissent.